UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PRESTON WADE SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00083-SNLJ |
| ) | |
| CARL HEFNER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on initial review of self-represented plaintiff Preston Wade Simpson's prisoner civil rights complaint under 28 U.S.C. § 1915A. For the following reasons, plaintiff's complaint will be dismissed for failure to state a claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915A(c). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Here, plaintiff is a convicted state prisoner who is suing employees of a governmental entity. Therefore, his amended complaint is subject to 28 U.S.C. § 1915A screening.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 alleging defendants

violated his constitutional right of access to the courts. He names as defendants the following employees of the Stoddard County Jail: Carl Hefner (Sheriff), Jimmy Kirkman (Chief Jailer), and Chris Cross (Chief Jailer). He sues defendants in both their individual and official capacities.

Plaintiff's factual allegations are the same for each defendant. He alleges that from 2020 through 2021, defendants had a legal obligation to provide him free access to a constitutionally adequate law library. Plaintiff was held without bond at the Stoddard County Jail for seventeen months during this time. He states that he had a pending civil litigation, *Simpson v. Schwartz*, No. 22SD-CC00091 (35th Jud. Cir. filed Aug. 19, 2022) (*Simpson*), and without an adequate law library, he was unable to effectively research his claims. He states that the library did not have the Federal Rules of Civil Procedure, the Missouri Local Court Rules, etc. The law library the jail uses is the Cidnet law library system, which is electronic. Plaintiff alleges Cidnet was "hopelessly overcrowded and inaccessible." ECF 1 at 5.

Plaintiff states that his "lawsuit had been dismissed for being a couple of months past the filing deadline." *Id.* at 9. For relief, he seeks $7 million.

## Discussion

The Constitution guarantees prisoners the right to access the courts. *See Murray v. Giarranto*, 492 U.S. 1, 11 (1989). The Supreme Court has held that the right to access the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate

assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right, however, does not apply to all types of cases. "The tools [the law library] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). "[It] does not guarantee inmates the wherewithal to transform themselves into litigating engines." *Id.* at 355. Additionally, to establish that the prison library was unconstitutionally inadequate, an inmate must show that the alleged inadequacies caused him actual injury. *Id.* at 348.

Here, plaintiff complains that Stoddard County Jail's law library was inadequate because it prevented him from effectively litigating his civil case, *Simpson v. Schwartz*. Specifically, he states that *Simpson* was dismissed "for being a couple of months past the filing deadline!" ECF No. 1 at 9. In *Simpson*, plaintiff brought a § 1983 action alleging his Sixth Amendment right to effective counsel was violated by the attorneys in his criminal case. He sought monetary damages.[1]

Plaintiff's claims regarding Stoddard County's law library fail for two reasons, (1) *Simpson* was not a direct appeal, habeas corpus case, or a case challenging plaintiff's conditions of confinement, and (2) plaintiff has shown no actual damages. In *Simpson*, plaintiff sought damages from the attorneys in his criminal case under 42 U.S.C. § 1983 for violation of his right to effective counsel. Plaintiff's § 1983 case is not the type of case

---

[1] *Simpson* was not plaintiff's habeas corpus case. Although plaintiff also raised these arguments in his habeas corpus proceeding, seeking to overturn his sentence, *Simpson v. State of Missouri*, No. 17SD-CC00013 (Stoddard County filed Feb. 14, 2017).

for which a constitutionally adequate law library is required. He does not have a constitutional right to access an adequate law library to bring a § 1983 case.

Additionally, plaintiff suffered no actual damages. In *Simpson*, the state court granted his attorneys' motion to dismiss because the law does not recognized claims against private individuals under the Sixth Amendment. And any claim of legal malpractice was outside the statute of limitations. *Simpson* (Order dated Sept. 29, 2022). His case was decided on a motion to dismiss for failure to state a plausible claim. This would have been the state court's ruling regardless of the conditions of the Stoddard County Jail's law library. Plaintiff could not have won his case even with the very best law library. He suffered no actual damages because his case was without merit.

For these reasons, the Court finds that plaintiff has not stated a plausible claim that the Stoddard County Jail's law library was constitutionally inadequate. The Court will dismiss this case on initial review for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel are **DENIED as moot**. [ECF Nos. 2 and 4]

**IT IS FURTHER ORDERED** that plaintiff's motion to reopen his case is **DENIED as moot**. [ECF No. 5]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of August, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE